12-1561-pr (L)
*Smith v. Scully, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand fourteen.

PRESENT:    JOSÉ A. CABRANES,
            RAYMOND J. LOHIER, JR.,
            CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

---

TERRY SMITH,

     *Petitioner-Appellant,*

     v.                        No. 12-1561-pr (L)
                                 No. 12-1590-pr (con)

CHARLES SCULLY, WILLIAM PHILLIPS, SUPERINTENDENT OF GREEN HAVEN CORRECTIONAL FACILITY,

     *Respondents-Appellees.*

---

**FOR APPELLANT:**               Jeffrey G. Pittell, Maher & Pittell, LLP, Great Neck, NY.

**FOR APPELLEES:**               Glenn Green, *for* Thomas J. Spota, District Attorney of Suffolk County, Riverhead, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Petitioner Terry Smith appeals from the District Court's May 11, 2012 judgment dismissing his petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On May 24, 1997, Smith was pursued by police officers after stealing a car from a dealership. The chase ended when Smith crashed into a utility pole. As police officers and emergency medical technicians (EMTs) rendered aid, Smith attempted to drive away; this led to another crash, which injured one of the EMTs. On June 23, 1997, Smith was charged in New York County Court, Suffolk County, with possession of stolen property. Later, he was also charged with assault against the injured EMT. On November 15, 1998, Smith accepted a plea offer, whereby he agreed to plead guilty to possessing stolen property—with a sentence of three-and-a-half to seven years' imprisonment—and to assault—with a sentence of five years' imprisonment. Pursuant to the plea agreement, the sentences for both charges were to be served concurrently; therefore, the maximum term of imprisonment Smith could have received was seven years. That same day, Smith pled guilty to both charges. *See* App'x 42–83.

At his sentencing hearing approximately seven weeks later, Smith informed the state trial court that he wished to withdraw his guilty plea to assault. The prosecutor and the court informed Smith that the plea offer he had agreed to was contingent on his pleading guilty to both charges. In a subsequent colloquy with the court, Smith insisted that he wanted to go to trial. *See* App'x 101. The court, accordingly, withdrew Smith's guilty plea as to both charges, *see* App'x 111 ("Plea is withdrawn on both."), and set a trial date. Smith was convicted at trial of criminal possession of stolen property in the third degree and was sentenced as a persistent felony offender to seventeen-and-a-half years to life in prison. The conviction and sentence were affirmed on direct appeal.

Relevant here, the District Court, through Judge Weinstein, denied Smith's amended petition for habeas relief on April 17, 2012. Smith's sole claim on appeal is that the state trial court violated his double jeopardy rights by requiring him to stand trial for an offense to which he had already pled guilty. We review the District Court's denial of habeas corpus *de novo*. *See Hines v. Miller*, 318 F.3d 157, 160 (2d Cir. 2003).

---

[1] Judge Weinstein denied several versions of Smith's habeas petition in a series of written opinions. *See Smith v. Scully*, No. 02 Civ. 6329, 2003 WL 22952848 (E.D.N.Y. Oct. 16, 2003) ("*Smith I*"); *Smith v. Phillips*, 865 F. Supp. 2d 271 (E.D.N.Y. 2012) ("*Smith II*"); *Smith v. Phillips*, 979 F. Supp. 2d 320 (E.D.N.Y. 2013) ("*Smith III*"). This appeal challenges only Judge Weinstein's decision in *Smith II* to deny the claim that Smith's conviction at trial violated the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution. That decision was memorialized in a judgment, entered on May 11, 2012, which "dismiss[ed] the petition for a writ of habeas corpus; and grant[ed] a Certificate of Appealability in light of the novel double jeopardy claim." *See* App'x 170.

Upon review, we conclude that the District Court properly rejected Smith's double jeopardy claim. Smith failed to exhaust his state remedies by not fairly presenting his double jeopardy claim to the state courts. *See Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011). Because "were he to return to the state courts with his unexhausted claim, those courts would find the claim barred by the application of a state procedural rule, we must deem the claim procedurally defaulted." *Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014) (quotation marks omitted). Under these circumstances, Smith "may escape dismissal on the merits . . . only by demonstrating 'cause for the default and prejudice' or by showing that he is 'actually innocent.'" *Carvajal*, 633 F.3d at 104 (quoting *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001)). Smith does not make such a showing, and his petition based on this claim was therefore properly dismissed.

We have considered all of the arguments raised by petitioner on appeal and find them to be without merit. For the reasons stated above, the May 11, 2012 judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court